**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.    2:19CR20020-001 |
| MEGAN CASEY | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Megan Casey ("Ms. Casey"), by and through her undersigned counsel, James E. Moore, IV, respectfully moves this Court to grant her a downward adjustment, traditional departure and variance from the sentencing guidelines; and in support of her *Sentencing Memorandum* states as follows:

In compliance with this Court's Orders, we believe the time necessary for the sentencing hearing should be approximately one half (0.5) hour.

### THE FACTS AND PROCEDURAL BACKGROUND

Ms. Casey is named in three-counts of a four-count indictment charging her with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possession with intent to distribute more than 5 grams of methamphetamine filed in the Western District of Arkansas, Fort Smith Division.  On August 22, 2019, Ms. Casey appeared and a written plea agreement was presented to the Court for review.  On said date, Ms. Casey entered a plea of guilty to count three of the indictment.  The Court accepted Ms. Casey's plea, tentatively approved the agreement and ordered Probation to prepare a presentence investigation report ("PSR").  The initial PSR was prepared and published by Amanda Jordan ("Ms. Jordan") of U.S. Probation on October 21, 2019.

Ms. Jordan then published the unchanged final PSR on November 13, 2019. Sentencing is tentatively set for January 14, 2020.

### DISCUSSION OF THE LAW AND ARGUMENT FOR A SPECIFIC SENTENCE

Pursuant to the decision in United States v. Booker, 543 U.S. 220 (2005) and 18 USC § 3553(a), Matthew moves the Court to impose a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set for in 18 U.S.C. § 3553(a)(2). This court should subject Matthew's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. United States v. Rita, 551 U.S. at 351. *See also id.* at 367 (Stevens, J. concurring) ("I trust that those judges who had treated the Guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the Guidelines are truly advisory.")

As Booker made clear, the Court should consider all of the factors set forth in 18 U.S.C. §3553(a) when determining sentence:

1. the nature of the circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed:

   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   B. to afford adequate deterrence to criminal conduct;

   C. to protect the public from further crimes of the defendant; and

   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. the kinds of sentences available;

4. the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines;

5. any pertinent [Guideline] policy statements;

6. the need avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

7. the need to provide restitution to any victims of the offense

### TIME SERVED AND PROBATION IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO COMPLY WITH THE § 3553(A) SENTENCING FACTORS

Ms. Casey urges time-served along with probation is just punishment for her role herein. Probation and time-served herein will promote respect for the law considering her role, avoid sentencing disparities for similarly situated defendants who played minor roles in like offenses, and satisfy other sentencing purposes of § 3553(a) better than would a sentence suggested by the guidelines. Ms. Casey has only one (1) criminal history point stemming from a marijuana possession conviction in 2010. Additionally, she performed exceptionally well under supervision while on pre-trial release from May 20, 2019 to August 22, 2019, a period of ninety-four (94) days.

#### Impressionable Young Woman

Ms. Casey has always struggled with men. She never had a positive loving relationship dating back to grade school. Every significant other has pimped, abused, or used her for his gain. Her three children all have different fathers. Her marriage to Darnell Anderson ("Mr. Anderson") resulted in Ms. Casey being pimped out in Louisiana for his benefit. Mr. Anderson would threaten and beat Ms. Casey until she slept with multiple men for money. He threatened her life and her

children's lives on a daily basis.  The marriage with Mr. Anderson lasted nine (9) months until she built up the courage to leave and obtain an Order of Protection.  This relationship left a sizable scar on Ms. Casey.

Ryan Miller ("Mr. Miller"), her ex-boyfriend and co-defendant herein, was no different.  Mr. Miller re-introduced Ms. Casey to methamphetamine ("meth").  She previously smoked meth when she was younger but never became totally addicted.  While dating Mr. Miller, Ms. Casey was forced to shoot meth intravenously.  She quickly caught up to the level of addictedness of Mr. Miller.  Mr. Miller needed Ms. Casey to be hooked on meth so he could control her on a daily basis.  Once she became fully addicted, Mr. Miller would withhold drugs from Ms. Casey in order to have her do sexual favors and deliver drugs on his behalf.  For approximately 1 year prior to her arrest Ms. Casey was at Mr. Miller's beck and call, daily.

<u>Redeeming Qualities of Ms. Casey</u>

Your Honor, I have met with Ms. Casey on approximately six (6) or seven (7) occasions for a total of approximately twelve (12) hours.   She is very disappointed in herself for putting her children on the backburner and following Ryan Miller down this self-destructive path.  She has many redeeming qualities including but not limited to being a loving and caring mother.  She is a quality employee, and as the Court will see, friends, family and coworkers have written character letters on her behalf.  If released from custody, she has a job, and three young children waiting for her at home which her parents are raising. I have no doubt she can, and will, stay clean and out of legal trouble.  It is clear to me that Ms. Casey deserves a second chance more than any federal client I have ever represented.

<u>Request for the Court to Apply the Stipulated Base Offense Level of 28</u>

Ms. Casey took responsibility for her behavior by entering a guilty plea herein. In fact, Ms. Casey took ownership for her role from the first day we met.  She has always been contrite and remorseful and realizes her wrongs.  She only blames herself for the situation she has placed herself and her family in, however, I do believe a portion of the blame can be placed on her ex-husbands and boyfriends.  After spending a year into forced prostitution by her ex-husband Mr. Anderson, to then becoming addicted to methamphetamine as a result of her relationship with co-defendant Mr.  Miller, Ms. Casey was placed at a major disadvantage compared to a typical mother.  She urges the Court to apply the stipulated base offense level of 28 instead of the pre-sentence reports level of 31.  If the 28 base offense level is applied as requested, her total offense level would be lowered from 24 down to 21.  Should the Court disagree with Ms. Casey's argument for time served and probation, Ms. Casey alternatively requests the Court vary downward from her total offense level of 21, range 37-46 months.  If the Court believes Ms. Casey deserves a more severe punishment than time served and probation Ms. Casey urges that 1 year and 1 day would suffice to meet the requirements of 3553(a).

<u>Conclusion and Request for Specific Sentence</u>

Ms. Casey requests that after considering all the relevant factors, especially those listed in 18 U.S.C. §3553 (a), along with her lack of any serious criminal history, the Court grant her request for a downward variance from the guideline range, and sentence her to time served and probation, which she urges is sufficient, but not greater than necessary to reflect the seriousness of her involvement in this offense, provide just punishment, adequate deterrence, and would provide ample time for the United States to monitor Ms. Casey to ensure a straight and narrow path.

        Respectfully submitted,

        Megan Casey

By:

/s/ James E. Moore, IV
James E. Moore, IV
PARKER LAW FIRM, PLLC
P.O. Box 10444
Fayetteville, AR 72703
(479) 445-6295 *telephone*
(888) 680-6414 *facsimile*
jay@justiceforarkansas.com

### CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of December 2019, I electronically filed the foregoing with the Clerk of Court, causing the CM/ECF system to send electronic notification to the following:

Candace Taylor
Assistant U.S. Attorney
414 Parker Ave.
Fort Smith, AR 72901
Candace.Taylor@usdoj.gov

        /s/ James E. Moore, IV
        James E. Moore, IV